Luce & Co. Ltd., Plaintiffs and Appellants, *v.* Damián Morell, et ux., Defendants and Appellees.

No. 4495.   Argued May 8, 1928.—Decided November 28, 1928.

*Tous Soto & Zapater* for the appellants.   *López de Tord & Zayas Pizarro* and *T. Bernardini de la Huerta* for the appellees.

Mr. Justice Texidor delivered the opinion of the court.

Luce & Co. Ltd., an agricultural partnership domiciled in Salinas, brought an action against Damián Morell and his wife, María Adelaida Cabrera, alleging that since December 18, 1923, the plaintiffs have been the owners of an eight-twentieths interest in a rural property known as the Carmen plantation in the municipal district of Salinas, of which an interest of eleven-twentieths was owned by Manuel González Martínez who on May 20, 1924, in a judicial sale acquired

another twentieth of the property which had belonged to Francine Peri; that on April 2, 1925, Manuel González Martínez sold by public deed to Damián Morell y Bauzá the said joint interest of one-twentieth of the property which had belonged to Francine Peri; that the sale was made for six thousand dollars and expenses of thirty-six dollars; that in bringing their action of redemption as joint owners the plaintiffs deposited in the court six thousand and fifty dollars for the purchase price of the property and the expenses, and they prayed the court for a judgment rescinding the purchase and sale between Manuel González Martínez and Damián Morell and his wife by virtue of the exercise of the action of redemption. By leave of the court the prayer of the complaint was accompanied by an obligation of the plaintiffs not to sell within four years the joint interest referred to in the complaint.

In the answer to that complaint defendants Morell and his wife deny that since December 18, 1923, or on April 2, 1925, the plaintiffs were the owners of eight-twentieths of the property described in the complaint, and aver that they acquired those interests on September 26, 1925, when in execution of a judgment the marshal of the District Court of Ponce executed a valid deed to the interests in favor of the plaintiffs; that the first notice which the defendants had of such sale was on September 16, 1925, when they were summoned in this action of redemption; that when on September 26, 1925, the plaintiffs acquired their interests defendant Morell was already the owner of the one-twentieth interest and had been since April 2, 1925, by valid and recordable title, and that the plaintiffs have no right of action in redemption, but that defendant has and has exercised it in another complaint. They pleaded as a special defense that there was pending in the same court a case in which Damián Morell Bauzá had brought an action of redemption in joint ownership against Luce & Co. Ltd. in order to subrogate him-

self to their place as regards the purchase and sale of eight-twentieths of the same property, in which action there are two complementary complaints, and prayed for a dismissal of the complaint.

Damián Morell Bauzá brought in the same court an action of redemption against Luce & Co. Ltd., alleging that he was the owner of one-twentieth of the Carmen plantation in the municipal district of Salinas, which he acquired by purchase from Manuel González Martínez by deed of April 2, 1925; that on September 16, 1925, the plaintiff was informed that Luce & Co. Ltd. were the owners of a condominium of eight-twentieths of the said property, but it did not appear from that information that said condominium was recorded in the registry of property, and the plaintiff had no knowledge that the defendants had acquired the ownership of that condominium duly and by a valid conveyance and had only been notified thereof by the summons; that the plaintiff acquired his condominium from Manuel González before Luce & Co. acquired theirs by a valid title, Luce & Co. being strangers to the community; that the plaintiff is informed that Luce & Co. paid for their condominiums the sum of $66,299.99 and the expenses amounting to $376.10, which sums are deposited in the court by plaintiff Morell at the disposal of the defendants, together with a sum to cover any other expense in bringing, as he does, the action of redemption of common property in order to subrogate himself to the place of Luce & Co. in the purchase of that condominium. Morell presented also a complementary complaint in order to allege that the marshal of the District Court of Ponce, in representation of some Antonetti defendants and others in an action for ratification of a deed wherein Luce & Co. Ltd. were plaintiffs and in which judgment was rendered for the plaintiffs, had executed a deed conveying the title of the condominium of eight-twentieths of the Carmen plantation in Salinas to said Luce & Co. Ltd. on September 26, 1925; and in a second

complementary complaint Morell alleged the recording in the registry of property of a copy of the deed executed by the marshal on the said date.

In relation to the original complaint and the first complementary complaint Luce & Co. Ltd., the defendants, moved the court to strike out the following:

1. The averment that plaintiff Morell acquired an interest from Manuel González prior to the acquisition by Luce & Co. by good title, because it is a conclusion of law and not an allegation of fact and because it is incongruent with another part of the complaint in which it is alleged that Luce & Co. are the owners of eight-twentieths of the property.

2. The part of averment 3 of the complaint wherein it is said, "and the plaintiff had no notice in any way that the defendants had acquired the ownership of that condominium duly and by a valid conveyance," because it contradicts the statement of the same averment "that in the afternoon of the 16th of the current month the plaintiff herein was informed that defendants Luce & Co. Ltd. were the owners of a condominium of eight-twentieths etc." and because the words "valid" and "duly" mean a legal conclusion and confuse the averment.

As regards the complementary complaint they moved the court to strike it out wholly because they had no notice of any order of the court allowing its presentation and because it is composed of immaterial facts. The court overruled the motion. The defendants demurred on the ground of lack of facts to constitute a cause of action and the demurrer was overruled by the court.

The defendants Luce & Co. Ltd. answered the original and the complementary complaints, alleging in substance that they are the owners of eight-twentieths of the Carmen plantation, as shown by a public deed of December 18, 1923, which was not admitted to record in the registry of property; that they appealed from the registrar's refusal to the

Supreme Court and later to the United States Circuit Court where it is pending, and the cautionary notice entered in the registry when the record was refused is pending; that the said cautionary notice was in effect on the date of the sale of the condominium by Manuel González to Morell and the latter had presumptive knowledge of the sale of the eight-twentieths to Luce & Co. Ltd. because notice had been given in the registry of a complaint of Luce & Co. Ltd. against Madame Veuve Antoinette Antoni-Antonetti and others for confirmation and ratification of the said deed of December 18, 1923, which entry was in force at the time of the sale by Manuel González to Damián Morell; that the latter had actual knowledge of the sale of the condominium to Luce & Co. Ltd.; that they reject the deposit as without consideration and simulated, and allege that the sale of the one-twentieth by González to Morell was simulated; that Manuel González Martínez, owner of eleven-twentieths of the same property, has renounced his right of redemption; that the deed executed by the marshal of the District Court of Ponce in favor of Luce & Co. Ltd. on September 26, 1925, was in ratification of the deed of December 18, 1923, conveying the eight-twentieths and that both were presented together in the registry in order to secure the record of that interest.

On the day set for the trials of the two cases the parties agreed and stipulated with the approval of the court that the two actions should be joined for all purposes, it being considered that the complaint filed by Damián Morell against Luce & Co. Ltd. is a counter-complaint and that the answer of Luce & Co. Ltd. to the complaint of Damián Morell is an answer to the counter-complaint, and that there should be only one judgment.

The court heard the evidence and rendered judgment dismissing the complaint of Luce & Co. Ltd. against Damián Morell and sustaining the counter-complaint of Damián Morell against Luce & Co. Ltd. without special imposition of

costs. The present appeal was taken by Luce & Co. Ltd. from that judgment of February 14, 1927.

Appellants Luce & Co. Ltd. assign twenty-six errors. We shall consider in the first place those which refer to the rulings on the motion to strike and on the demurrer.

The first assignment made by the appellants is that the court committed error in overruling the motion to strike.

The appellants are right in assigning that error.

The third averment of the complaint in Morell against Luce & Co. Ltd. reads as follows:

"That in the afternoon of the 16th of the current month and year the plaintiff herein was informed that defendants Luce & Co. Ltd. owned an interest of eight-twentieths in the property above described which had belonged to Madame Veuve Antoinette Antoni-Antonetti, née María Antoinette Magdalaine Helen Portafox, Madame Veuve Helen de Gaffori Antoni Antonetti, née Helen or Elena Antoni Antonetti, Madame Mathilde Ferrand Mugnier, Mademoiselle Angele or Angela Moratti Antoni Antonetti, Mademoiselle Diane or Diana de Zerbi Antoni Antonetti, Mademoiselle Pauline or Paulina de Zerbi Antoni Antonetti, Madame Mathilde or Matilde Lemaitre, née de Zerbi, M. Horace or Horacio Morati Antoni Antonetti, Madame Gabrielle Escoffier, née Gabrielle Matilde Ursula Antoni Antonetti, M. Maxine Escoffier, M. Joseph Ferrand and M. Lucien Lemaitre; and according to the best information and belief of the plaintiff herein said condominium has not been recorded or has not been filed for record in favor of the said defendants and the plaintiff has not been informed in any manner that the said defendants have duly acquired by means of a valid conveyance the ownership of said condominium, but was apprised of the above fact only upon being summoned in the action of redemption No. 13932 brought by Luce & Co. Ltd. against Damián Morell and his wife, María Adelaida Cabrera, on September 15, 1925, in the District Court of Ponce, in which action the said defendants seek to prosecute the action of redemption against the plaintiff herein as alleged co-owners of the aforesaid property, and the said complaint filed by the said defendants against the plaintiff herein does not show the manner and date of the acquisition of the eight-twentieths of the said property by the defendants herein, nor does it appear from the said complaint whether the acquisition of the eight-twentieths was made to appear in a public deed in favor of Luce & Co. Ltd., but the plaintiff herein is aware of the

fact, which he specifically alleges, of his acquisition of his condominium from Manuel González prior to the acquisition by Luce & Co Ltd. of the ownership of the condominium of eight-twentieths of the property and before Luce & Co. Ltd. had acquired by a valid title the said condominum, Luce & Co. Ltd. not being a co-owner of the property already described.''

The allegation contains the following affirmations:

1. That on September 16, 1925, plaintiff Morell *was informed that defendants Luce & Co. Ltd. owned an eight-twentieths condominium in the property described* (italics ours).

2. That the plaintiff knows that he acquired his condominium from Manuel González before Luce & Co. Ltd. acquired the eight-twentieths *by a valid title* (italics ours).

3. That the complaint in the action of redemption of Luce & Co. Ltd. against Morell does not give the date of the acquisition by Luce & Co. Ltd. and whether or not it was by public deed.

In reality this last affirmation in the complaint of Morell is impertinent. The allegations should correspond to the purpose of the complaint. There should be between them and the prayer a relation of cause and effect. Certain established facts (cause) should produce in law a result (efect) and this is what is prayed for. What in another suit may be the grounds for certain prayers is not to be alleged in a distinct action unless it has or should have logically a clear and positive influence. In the complaint of Morell against Luce & Co. Ltd. the manner and dates of the acquisitions by Morell and by Luce & Co. Ltd. are very important and should appear from the pleadings in that action; but that does not mean that in that action may be alleged a defect, if any, in the pleadings in another action. That part of the pleading should have been eliminated.

The other averments and the objections made to them are of greater importance.

The plaintiff was informed on September 16, 1925, that

Luce & Co. Ltd. owned a condominium in the property. This fact is of such importance that without its affirmation the action of redemption does not lie. The object of the action of redemption is the rescission of a sale. To produce the rescission and with it subrogation to the place of the purchaser it is necessary that the contract of purchase and sale had existed legally and effectively and that there had been a seller and a purchaser on whose rights and personality the subrogation will operate, and that there has been a conveyance of the thing sold to a third person, a stranger. So that the invariable bases are the effectiveness of the contract of purchase and sale and the reality of the conveyance.

Section 1409 of the Civil Code of Porto Rico reads as follows:

"The sale shall be rescinded for the same causes as all other obligations, and furthermore for those mentioned in the preceding chapters and by conventional or legal redemption."

Legal redemption is defined as follows in section 1424 of the same Code:

"Legal redemption is the right to be subrogated, with the same conditions stipulated in the contract, in the place of the person who acquires a thing by purchase or in payment of a debt."

As may be seen, the statute refers to an existing contract ("with the same conditions stipulated in the contract") and to a real and positive acquisition ("in the place of the person who acquires a thing by purchase or in payment of a debt").

If Morell has a right of action in redemption it is inevitable for him to aver the existence of the contract of conveyance of the thing or right which he desires to redeem and assert the juridical presence of a purchaser in whose position the redemption will place Morell. If the sale was not made there is no redemption, because the thing or right was not transferred, and there is no subrogation, because there is no purchaser to be substituted. For that reason any ref-

erence in the allegation to "valid title," "valid conveyance" and "duly" acquired, in so far as it is a denial of the validity of the title or of the conveyance, carries with it the negation of the right of redemption.

Apart from this and as a reason of less importance than that expressed, the classifications of "valid" title, "valid" conveyance (effective in law) and "duly" as regards the acquisition are conclusions of law perfectly proper in the opinion and judgment of the court, which is authorized to make those definitions and dictate the sanction, but improper in the pleadings of the parties, which thereby become obscured and in which such words may create grave difficulties in the evidence and surprises prejudicial to the rights of the parties. The presence of those words in the pleading places the pleader in the position of attempting to prove in an action of redemption the elements of a case of nullity of contract without taking the risks of the latter. That is not the doctrine of our law of procedure, nor can that manner of pleading be allowed if the protection of the law is to be the same for both parties.

The motion to strike should have been sustained and the court erred in overruling it.

The second assignment of error is that the court committed error in overruling the motion to strike out the complementary complaints.

The complementary complaints refer to the execution by the marshal of the District Court of Ponce on September 26, 1925, of a deed in favor of Luce & Co. Ltd. and of its record in the registry.

If the plaintiff has alleged that on September 16, 1925, he knew that Luce & Co. Ltd. were the owners of eight-twentieths of the property, his allegation that the deed of conveyance was executed by the marshal on September 26, 1925, is incompatible with the previous allegation.

Apart from this, it seems to us that the complementary

complaints were unnecessary and that the allegations therein not only added to but also varied those of the original complaint. It appears that they reveal a very serious doubt of the plaintiff as to whether his original complaint was premature. [If the allegations of the latter were sufficient to support the action of redemption, those of the complementary complaints were not required and are perhaps rather an obstacle and doubt which should not have been admitted.

The legal grounds which support the motions to strike were, as indicated in the third assignment of error, the basis of a demurrer pleaded by Luce & Co. Ltd. to the complaint of Morell. For the same reasons stated we hold that the demurrer should have been sustained by the court and that it was error to overrule it.

It is unnecessary to consider the other assignments of error if in disposing of the first three the case returns to the condition in which it was when the errors were committed.

For the foregoing reasons the judgment appealed from is reversed and the case will be remanded to the lower court for further proceedings consistent with this opinion.